UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NAQUAYLIA RHODES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 2:25-cv-00217-JPH-MJD |
| ) | |
| PLAY PEN, INC., and MICHAEL W. ) | |
| BICKERS d/b/a CLUB COYOTE ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTIONS TO DISMISS**

Plaintiff Naquaylia Rhodes alleges that her former employers, Defendants Play Pen, Inc. and Michael Bickers d/b/a Club Coyote, wrongfully terminated her after she did not provide medical records about her HIV status. Mr. Bickers, proceeding *pro se*, filed a motion to dismiss the complaint, dkt. [27], and a counterclaim alleging that Ms. Rhodes's claims are false because he does not know her and never hired her, dkt. 11. Ms. Rhodes has filed a motion to dismiss the counterclaim. Dkt. [13]. For the reasons below, Mr. Bickers's motion to dismiss the complaint is **DENIED**, dkt. [27], and Ms. Rhodes's motion to dismiss the counterclaim is **GRANTED**, dkt. [13].

**I.
Facts and Background**

In deciding each party's motion to dismiss, the Court takes all well-pled allegations as true and draws reasonable inferences in the non-moving party's favor. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009).

1

In 2024, Ms. Rhodes worked as a dancer in two adult entertainment clubs owned by Mr. Bickers—Club Coyote in Crawfordsville, Indiana, and The Play Pen in Terre Haute, Indiana. Dkt. 1 at 1–2. Ms. Rhodes has been diagnosed with HIV, which she keeps confidential. *Id.* at 2–3.

In May 2024, the Club Coyote manager approached Ms. Rhodes and said, "If you are [HIV positive], I need to know." *Id.* at 3. He told her to bring him medical records, but she did not do so and instead went to work at The Play Pen. *Id.* However, a manager there made similar demands for medical records describing her HIV status and told her to not return until she provided them. *Id.* When she refused to provide her medical records to management, Defendants suspended her employment indefinitely. *Id.* at 2.

Ms. Rhodes filed this case alleging employment discrimination under the Americans with Disabilities Act ("ADA"). Dkt. 1 at 5. In response, Mr. Bickers filed an Answer to Complaint and a Counterclaim alleging that Ms. Rhodes negligently filed a "false claim" causing him to suffer from "defamation, malicious prosecution, emotional distress, and libel anxiety, and c[h]ronic stress." Dkt. 11 at 1. Ms. Rhodes filed a motion to dismiss the counterclaim for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or alternatively, for failure to state a claim under Rule 12(b)(6). Dkt. 13. Mr. Bickers then filed a motion to dismiss Ms. Rhodes's complaint. Dkt. 27.

## II.
## Legal Standard

Parties may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss claims for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

When faced with a 12(b)(1) motion, the party asserting jurisdiction "bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

Parties may also move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6); *see Cozzi Iron & Metal, Inc. v. U.S. Off. Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001) (a motion to dismiss a counterclaim is governed by the same standard). To survive a Rule 12(b)(6) motion to dismiss, a complaint or counterclaim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a plausible claim "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage," *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

Under both 12(b)(1) and 12(b)(6), the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v.*

*City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *see Burwell*, 770 F.3d at 588–89.

## III.
## Analysis

### A. Defendant's motion to dismiss complaint[1]

In his one-page motion to dismiss, Mr. Bickers argues that he does not know Ms. Rhodes[2], never hired her, and that her allegations are "bogus." Dkt. 27 at 1. He also contends that he "has never been a[n] owner or officer of" Club Coyote or Play Pen. *Id.* Ms. Rhodes responds that Mr. Bickers's motion to dismiss should be denied because it is untimely and fails to comply with Local Rule 7-1(b)(1)'s requirement that a motion to dismiss be supported by a separate brief. Dkt. 28.

Ms. Rhodes brings an ADA claim against Mr. Bickers as owner of Club Coyote. Dkt. 1 at 6–8. To state a claim under the ADA, Ms. Rhodes must allege that "(1) she is disabled within the meaning of the ADA; (2) she is qualified to perform all essential functions of the job, either with or without reasonable accommodation; and (3) she suffered an adverse employment action

---

[1] Mr. Bickers filed his motion to dismiss after he answered the complaint. *See* dkt. 11 (answer); dkt. 27 (motion to dismiss). A Rule 12(b)(6) motion "must be made before" an answer is filed, so the Court construes his motion as seeking judgment on the pleadings under Rule 12(c). *See* Fed. R. Civ. P. 12(b), 12(h), 12(c); *see also Lanigan v. Vill. of East Hazel Crest, Ill.*, 110 F.3d 467, 471 n. 2 (7th Cir. 1997). The standard, however, is the same, so the "complaint must state a claim for relief that is plausible on its face." *ADM Alliance Nutrition, Inc. v. SGA Pharma Lab, Inc.*, 877 F.3d 742, 746 (7th Cir. 2017).

[2] Ms. Rhodes filed this action using an anonymous pseudonym but withdrew her request to proceed anonymously three months before Mr. Bickers filed his motion to dismiss. Dkt. 23.

because of her disability." *Hoppe v. Lewis Univ.*, 692 F.3d 833, 838–39 (7th Cir. 2012). Here, Ms. Rhodes has alleged that she is disabled within the meaning of the ADA because of her HIV positive status, that she is able to perform all essential functions of her job with or without accommodations, and that she suffered adverse employment action when she was suspended and ultimately terminated based on her HIV positive disability. Dkt. 1 at 2, 6. That is enough to state a plausible ADA claim. *See Hoppe*, 692 F.3d at 838–39; *Bilek*, 8 F.4th at 586.

While Mr. Bickers contends that he did not hire Ms. Rhodes and does not own Club Coyote, dkt. 27 at 1, Ms. Rhodes's allegations to the contrary must be "accept[ed] as true" at this stage with all reasonable inferences drawn in her favor. *Lake*, 585 F.3d at 1060.

Mr. Bicker's motion to dismiss the complaint, construed as a motion for judgment on the pleadings, is therefore **DENIED**. Dkt. 27.[3]

### B. Plaintiff's motion to dismiss counterclaim

Mr. Bickers's counterclaim asserts a "false claim" cause of action, alleging that Ms. Rhodes falsely alleged that he knows her and hired her. Dkt. 11 at 1. Ms. Rhodes argues that his counterclaim should be dismissed for lack of jurisdiction and, in the alternative, for failure to state a claim. Dkt. 14 at 6–10. Mr. Bickers responds that the allegations against him are false and frivolous. Dkt. 15.

---

[3] The Court therefore does not address whether Mr. Bickers's motion should be denied as untimely or for failure to comply with Local Rule 7-1.

A federal court can exercise supplemental jurisdiction over a counterclaim that is "so related to claims in the action" that it "form[s] part of the same case or controversy." *Rothman v. Emory Univ.*, 123 F.3d 446, 454 (7th Cir. 1997) (quoting 28 U.S.C. § 1367(a)). To determine if claims form part of the same case or controversy, "Courts often ask whether [they] share a common nucleus of operative fact." *Prolite Bldg. Supply, LLC v. MW Mfrs., Inc.*, 891 F.3d 256, 258 (7th Cir. 2018). "[A] loose factual connection between claims is generally sufficient." *Id.*

Here, Ms. Rhodes argues that supplemental jurisdiction does not apply to Mr. Bickers's counterclaim because it does not share a common nucleus of operative fact with her ADA claim. Dkt. 14 at 2–3.

But the claim and counterclaim involve the same parties and relate to the same employment relationship. Even more, Ms. Rhodes must prove that her factual allegations are true to prevail on her ADA claim, *see Hoppe*, 692 F.3d at 838–39, while Mr. Bickers alleges that those same factual allegations are false, *see* dkt. 11 at 1–2. That overlap in key factual allegations is enough for supplemental jurisdiction. *See Rothman*, 123 F.3d at 454 (finding supplemental jurisdiction proper when the complaint alleged employment discrimination and the counterclaim alleged a refusal to repay student loans based on that alleged discrimination); *MJ & Partners Rest. Ltd. P'ship v. Zadikoff*, 126 F. Supp. 2d 1130, 1134 (N.D. Ill. 1999) (exercising supplemental jurisdiction over defamation counterclaim alleging that the plaintiff's allegations were false).

6

Ms. Rhodes also argues that Mr. Bickers's counterclaim should be dismissed because it is conclusory and because the statements in her complaint "are absolutely privileged." Dkt. 14 at 4–10. Mr. Bickers responds only that the complaint's allegations are false and that Ms. Rhodes "did not [do] due diligence before filing this case." Dkt. 15 at 1.

Mr. Bickers's counterclaim alleges only conclusory statements that he did not know or hire Ms. Rhodes, and that her allegations against him are "false." Dkt. 11; *see* dkt. 15. But "surviving a Rule 12(b)(6) motion requires more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). Mr. Bickers does not plead facts supporting his allegations that "all allegations in the complaint against Michael W. Bickers are false," dkt. 11 at 1, and his "mere conclusory statements" are insufficient to state a claim, *Oakland Police & Fire Retirement Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017); *see Appvion, Inc. Retirement Savings Plan v. Buth*, 99 F.4th 928, 943 (7th Cir. 2024) (allegations must "raise a right to relief above the speculative level").

The counterclaim is also based on statements made by Ms. Rhodes in this case, which are absolutely privileged. *Benziger v. Radabaugh*, 267 N.E.3d 1149, 1157 (Ind. Ct. App. 2025) ("[A]bsolute privilege . . . provide[s] actors in judicial proceedings with the freedom to participate without fear of future defamation claims."). Mr. Bickers's counterclaim therefore is "not actionable." *Conner v. Instant Cash Advance*, No. IP01-0287-c-B/S, 2003 WL 446378, at *2 (S.D. Ind. Feb. 20, 2003) ("The counterclaim is based entirely upon the

7

statements of Plaintiff and Shepard in filing the instant lawsuit, yet those statements are absolutely privileged" as statements "made in judicial pleadings" and "pertinent and relevant to the litigation.").

Ms. Rhodes's motion to dismiss Mr. Bickers's counterclaim is therefore **GRANTED** for failure to state a claim.  Dkt. 13.

## VI.
## Conclusion

Mr. Bickers's motion to dismiss Ms. Rhodes's complaint is **DENIED**. Dkt. [27].  Ms. Rhodes's motion to dismiss Mr. Bickers's counterclaim is **GRANTED,** and his counterclaim is **dismissed** for failure to state a claim.  Dkt. [13].

**SO ORDERED.**

Date: 3/12/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

MICHAEL W. BICKERS
1000 18th St.
Charleston, IL 6192