UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NAQUAYLIA RHODES, <br><br> Plaintiff, <br><br> v. <br><br> PLAY PEN, INC. Clerk's Entry of Default entered on 2/27/2026, <br><br> Defendant. | ) | No. 2:25-cv-00217-JPH-MJD |

**ORDER FOR SUPPLEMENTAL BRIEFING**

Ms. Rhodes seeks to recover compensatory damages for emotional pain and suffering, and for lost future earning capacity. Both categories of compensatory damages may be recovered by a prevailing plaintiff in a case for violations of the Americans with Disabilities Act. 42 U.S.C. § 1981a(b)(3); *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 953 (7th Cir. 1998).

Ms. Rhodes's testimony at the November 4, 2026 damages hearing established that she is entitled to compensatory damages for emotional pain and mental anguish caused by Defendant's conduct. For lost future earnings, Ms. Rhodes seeks compensatory damages for lost future earning capacity. She does not seek backpay and/or front pay because that relief would be duplicative of the relief she seeks in another lawsuit pending against Play Pen and other night clubs for unpaid wages.

"Lost future earning capacity is a nonpecuniary injury for which plaintiffs may be compensated under Title VII," *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 953 (7th Cir. 1998), and the Civil Rights Act of 1991 entitles plaintiffs

successful under the ADA to the same compensatory damages available under Title VII, *AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995). Unlike front pay, which "compensates the plaintiff for the lost earnings from her old job for as long as she may have been expected to hold it, a lost future earnings award compensates the plaintiff for the diminution in expected earnings in all of her future jobs for as long as the reputational or other injury may be expected to affect her prospects." *Williams*, 137 F.3d at 954.

As compensatory damages for lost future earning capacity, Ms. Rhodes seeks money for loss of the capacity to earn tips from customers. At the hearing, she testified that she lost the ability to earn between $39,000 and $65,000 in tips from customers. Ms. Rhodes has not, however, cited legal authority establishing that tips are properly considered as lost future earnings rather than as backpay or front pay. And it's not clear how she lost the ability to earn between $39,000 and $65,000 in tips from customers when she worked at Play Pen for only two or three days in mid-2024, and has worked at another club, Dancers, for the last two years.

The Court therefore orders Ms. Rhodes to file a supplemental brief that: (1) cites legal authority addressing whether tips may be awarded as lost future earnings, rather than backpay and/or front pay; (2) identifies the specific timeframe for which she seeks to recover money to compensate her for tips she did not receive from customers; (3) identifies the specific dates she worked at Dancers; and (4) explains why the award of money she seeks as compensation

for lost tips wouldn't be duplicative of the tips she received while working at Dancers.

The supplemental brief may not exceed 5 pages and must be docketed no later than **December 4, 2026**.

**SO ORDERED.**

Date: 11/24/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Play Pen, Inc.
c/o Michael Davis
3295 Fruitridge Ave.
Terre Haute, IN 47804